IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| JOHNNIE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:05cv397-T |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, and DONALD | ) | |
| CAMPBELL, in his official capacity as | ) | |
| The Warden of the Department of | ) | |
| Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff in this case filed a previous action (2:04-CV-00785) based upon the same set of circumstances as this case; that case was dismissed without prejudice on December 2, 2004, when the Equal Employment Opportunity Commission revoked the plaintiff's right to sue, thus divesting this court of jurisdiction over the matter.

When plaintiff regained the right to sue, plaintiff again filed a claim with this court on April 29, 2005 (Doc. #1). On that same date, plaintiff filed a Motion to Accept Plaintiff's Original Filing Fee (Doc. #2), seeking to have the filing fee paid for the previous case applied to the present case. Plaintiff asserted that the previous case was dismissed due to no fault of the plaintiff, and asked the court to waive the filing fee in the present case. This court denied plaintiff's motion in an Order entered on June 22, 2005 (Doc. #4).

Two months later, after the plaintiff had failed to pay the appropriate filing fee, this court entered an Order (Doc. #5, August 23, 2005) directing plaintiff to either pay a filing fee to the Clerk of this court, or submit an application to proceed *in forma pauperis*. The plaintiff was given a deadline of September 2, 2005 to take one of these two steps so that the claim could move forward.

Title 28 of the United States Code dictates the fee schedule for cases filed with a district court: "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $250 . . . ." 28 U.S.C.A. § 1914 (a) (West Supp. 2005). At the present time   - more than 45 days after the deadline -   the plaintiff has neither submitted the appropriate filing fee, nor filed a motion to proceed *in forma pauperis*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice.

Additionally, it is ORDERED that:

The parties shall file any objections to this Recommendation on or before 7 November 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*,

667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.

1981) (en banc).

       DONE this 24th day of October.


                   /s/ Vanzetta Penn McPherson
                   VANZETTA PENN MCPHERSON
                   UNITED STATES MAGISTRATE JUDGE