IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:05CV397-T ) |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on the complaint filed by the plaintiff, JOHNNIE BELL ["Bell"] on 29 April 2005 (Doc. # 1). In a civil action against two defendants, the Alabama Department of Corrections and Donal Campbell ["Campbell"], the Commissioner of Corrections, the plaintiff has invoked Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981. Bell alleges that the defendants discriminated against him because of his race (African American).

Upon review of the complaint, the court concludes, *sua sponte*, that the Title VII claim against Campbell should be dismissed, because he is an employee. Only employers are suable under Title VII.

## I.  DISCUSSION

"The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."

*Busby v. City of Orlando*, 931 F.2d 764, 773 (11th Cir. 1991).

The law in the Eleventh Circuit is settled that employees may not be sued in their individual capacity under Title VII of the Civil Rights Act of 1964. *Busby, supra* ("Individual capacity suits under Title VII are . . . inappropriate."); *Quillen v. American Tobacco Company*, 874 F.Supp. 1285, 1296 (M.D. Ala. 1995) (individual entitled to summary judgment "as to Title VII claims against him in both his official and individual capacities"). *See also Yeager v. Norwest Multifamily, Inc.*, 865 F.Supp. 768, 770 (M.D. Ala. 1994); *Bahadirli v. Domino's Pizza*, 873 F.Supp. 1528, 1533, n. 2 (M.D. Ala. 1995) (Albritton, J.); *Smith v. Capitol City Club of Montgomery*, 850 F.Supp. 976, 978 (M.D. Ala. 1994) (Thompson, J.); and *Blalock v. Dale County Bd. of Ed.*, 33 F.Supp. 2d 995, 998 (M.D. Ala. 1998).

Based upon clear and recent authority, the plaintiff may not maintain a Title VII action against the individual defendants, and they are entitled to dismissal as named parties.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Title VII claims against defendant DONAL CAMPBELL be DISMISSED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before 21 November 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections

will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982). *See* ***Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982). *See also* ***Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 7th day of November, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE