IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:05-CV-397-T |
| ) | |
| STATE OF ALABAMA DEPARTMENT ) | |
| OF CORRECTIONS and ) | |
| RICHARD ALLEN, in his official ) | |
| Capacity as the Warden of the ) | |
| Department of Corrections, ) | |
| ) | |
| Defendants. ) | |

### BRIEF IN SUPORT OF THE MOTION TO DISMISS

Come now the Defendants in the above-styled cause, State of Alabama Department of Corrections (ADOC) and Commissioner Richard Allen[1], by and through undersigned counsel, and submit the following brief in support of their Motion to Dismiss the Plaintiff's complaint.

### FACTS

The Plaintiff filed this complaint against the Alabama Department of Corrections and the Commissioner on April 29, 2005. The compliant alleges a violation of Title VII and 42 U.S.C. §1981. This complaint is the second and same complaint as previously filed by this Plaintiff. The original complaint was filed by the Plaintiff against these same Defendants on August 19, 2004, alleging the same facts and allegations, with the civil action number of 2:04-cv-785-A. The Defendants filed an answer on October 6, 2004,

---

[1] Richard Allen replaced Donal Campbell as Commissioner of the Alabama Department of Corrections on or about March 1, 2006. Since Mr. Campbell was sued in his official capacity only, Mr. Allen should be substituted as a party.

alleging that the Court had jurisdiction over this action, along with several affirmative defenses. On October the 12, 2004, the case was assigned to Magistrate Judge Charles S. Coody for action or recommendation on all pretrial matters. On October 14, 2004, the Magistrate Judge entered an order setting this matter for a scheduling conference for November 8, 2004. On November 8, 2004, the Plaintiff failed to appear at the scheduling conference. On November 9, 2004, the Court entered an order directing the Plaintiff to show cause why the action should not be dismissed on or before November 23, 2004. On November 29, 2004, the Magistrate Judge filed a recommendation that the case be dismissed with prejudice. On December 1, 2004, the Plaintiff filed a motion to dismiss without prejudice and informing the Court that his right to sue letter had been revoked and that he had never received his right to sue letter. That action was dismissed without prejudice by District Judge Harold Albritton on December 3, 2004. The Defendants pray that this Court take judicial notice of the pleading filed in 2:04-cv-785-A.

As stated earlier, the complaint filed by the Plaintiff in this action is identical to the complaint filed in August of 2004. Only the dates have been changed. (See Defendants' Exhibit "A" attached hereto). In paragraph two of this complaint, as he did in the previous complaint, the Plaintiff has alleged that the required prerequisites of the filing of a Title VII have been met, but states that "the Equal Employment Opportunity Commission has not issued a right to sue letter." The complaint further alleges in paragraph two, as did the previous complaint, that he "has filed this action within two years of the discriminatory act as required by section 1981 of Title 42 of the United States Code." In the Statement of Facts of the complaint, as did the previous complaint,

paragraph seven alleges the discriminatory act occurred on or about April 1, 2003, and at paragraph eleven the disparate treatment occurred in April, 2003.

## ARGUMENT

### Jurisdiction

As stated in the motion to dismiss, the burden of proving jurisdiction rests, at all times, with the Plaintiff. The Plaintiff cannot do so under Title VII or under 42 U.S.C. § 1981. This Court simply does not have jurisdiction of this matter.

An action alleging a violation under Title VII requires that the Plaintiff prove that the required prerequisites of Title VII have been met. Simply put that is he has timely filed a claim of discrimination within 180 days of the occurrence with the Equal Employment Opportunity Commission (EEOC) and that he has instituted this action within the ninety days of receipt of the right to sue letter. The Plaintiff admits in the complaint at paragraph two that he has not been issued a right to sue letter by the EEOC. Clearly, without that letter, the Plaintiff cannot bring a Title VII action and this Court does not have jurisdiction.

As to the Plaintiff's allegation of a claim under 42 U.S.C. § 1981, and as acknowledged by the Plaintiff in his complaint at paragraph two, the alleged discriminatory act must have been within two years of the filing of the complaint. The complaint alleges that discriminatory act occurred on or about April 1, 2003. The complaint does not allege a "continuing" violation. This complaint was filed on April 29, 2005, which is clearly outside the two year period. Again, this Court does not have jurisdiction over this matter as stated in the complaint.

**Immunity**

The Defendants contend that as officers and agents of the State of Alabama that they cannot be made defendants in any court and are immune from lawsuit. The Eleventh Amendment immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781 (1978) There are two (2) exceptions: (1) if the State waives its immunity or (2) if Congress has abrogated the immunity of the State. *Carr v. City of Florence, Ala.*, 916 F. 2d 1521, 1524 (11th Cir. 1990). Article I, §14 of the Alabama Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Defendant ADOC and Defendant Allen are barred from being sued due to Eleventh Amendment Immunity.

Neither a state nor an agency of the state may be made a defendant in any action in federal court under 42 U.S.C. § 1983. *Alabama v. Pugh*, 438 U.S. 781 (1978). "In the Eleventh Circuit, an agent of an employer may not be sued in his individual capacity under Title VII." *Kelley v. Troy State University*, 923 F. Supp. 1494, 1499 (M.D. Ala. 1996); *Cross v. Alabama*, 49 F.3d 1490, 1504 (11th Cir. 1995); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). A Title VII suit "brought against an agent of an employer is regarded as a suit against the employer itself." *Kelley* at 1499; *Busby* at 772; *Saville v. Houston County Healthcare Auth.*, 852 F.Supp. 1512, 1522 (M.D. Ala. 1994); see also *Will v. Michigan,* 491 U.S. 58, 71 (1989) ("cause of action against a state agency can be maintained through a named defendant in his official capacity, but the liability belongs to the agency"); other citations omitted.

The Plaintiff, in this present case, has sued Defendant ADOC and Defendant Allen, in his official capacity. In essence, the Plaintiff is suing the same party twice for the same claims. This action is redundant.

**Failure to State a Claim**

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Kelley* at 1498-1499, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); see also *Wright v. Newsome*, 759 F.2d 964, 967 (11th Cir. 1986). "The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the non-moving party." *Kelley* at 1499; *Hishon,* 467 U.S. at 734.

In the case at bar, the Plaintiff has not met the necessary threshold to allow for this cause to proceed. The Plaintiff has made general allegations that have not been well-pled.

Wherefore theses premises considered, the Defendants pray that this Honorable Court will grant their motion to dismiss based upon the above stated grounds.

Respectfully submitted,

/s/ Tara S. Knee
Tara S. Knee (KNE003)
Assistant Attorney General
Assistant General Counsel

**OF COUNSEL**:
Alabama Department of Corrections
Legal Division
P. O Box 301501
Montgomery, Alabama 36130
(334)353-3881
FAX: (334)353-3891

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Johnnie Bell
2103 Kelly Road
Selma, AL 36701

/s/ Tara S. Knee
Tara S. Knee (KNE003)
Assistant Attorney General
Assistant General Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
~~SOUTHERN~~ DIVISION
NORTHERN

| | |
|---|---|
| JOHNNIE BELL )<br>)<br>PLAINTIFF, )<br>)<br>VS. )<br>)<br>ALABAMA DEPARTMENT OF )<br>CORRECTIONS, and DONAL )<br>CAMPBELL, in his official capacity as )<br>The Warden of the Department of )<br>Corrections, )<br>DEFENDANTS. ) | CIVIL ACTION NO.: 2:04cv785(A)<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**COMES NOW,** the Plaintiff, Johnnie Bell, by and through undersigned counsel, and files this Complaint. In support thereof, states as follows:

### JURISDICTION

1. The Jurisdiction of this Court is invoked pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended in 1991, 42 U.S.C. section 2000e et. seq. and 42 U.S.C. section 1981 and 28 U.S.C. sections 1331 and 1343. Venue is proper pursuant to 28 U.S.C. section 1391 (c). The jurisdiction of this court is invoked to secure protection redress under Title VII and 42 U.S.C. section 1981.

2. Plaintiff, Johnnie Bell, timely filed his discharge of racial discrimination within the last 180 days of occurrence of the last discriminatory act and she instituted this action within the ninety-day period of receipt of right to sue letter. Plaintiff, Johnnie Bell, filed their racial discrimination claim



DEFENDANT'S EXHIBIT A

against the Alabama Department of Corrections, within the 180 days of occurrence of the last discriminatory act; however, the Equal Employment Opportunity Commission has not issued a right to sue letter to these plaintiffs. Plaintiff has also filed this action within two years of the discriminatory act as required by section 1981 of Title 42 of the United States Code.

## STATEMENT OF THE PARTIES

3. Plaintiff, **JOHNNIE BELL**, is an African American male is over the age of nineteen years and is a citizen of the United States of America. For purposes of this action, Plaintiff was a resident of Selma, Alabama and was employed with the Defendant for all relevant times of this action.

4. Defendant, **THE ALABAMA DEPARTMENT OF CORRECTIONS**, is a state agency of the State of Alabama and employs over 51 people for 365 consecutive days in a year.

5. Defendant, **DONAL CAMPBELL**, is the Warden for the State of Alabama, for the Department of Corrections for all relevant periods complained of in this lawsuit.

## STATEMENT OF FACTS

6. Plaintiff was employed as an Correction Officer 1, with the Defendant for over 14 years.

7. On or about April 1, 2003, Plaintiff begin to complain that male officers were not allowed to change positions. Specifically, Plaintiff noticed that

female correction officers and white correction officers were given favorable shift rotations and African American Male Officers were not.

8. White male officers and female officers were given the placement of Tower one, Tower two, RPI, and African American Males were given A dorm, B dorm, C dorm, and E dorm.

9. Assignments in the A dorm, B dorm, C Dorm, and E dorm, were more dangerous because they involved direct contact with dangerous inmates.

10. Plaintiff advised his supervisors of this difference, but they refused to change the rotation.

11. African American males also receive harsher treatment that their white counterparts. Specifically, Plaintiff, and two of his co-workers in April, 2003 were accused of using excessive force against an inmate.

12. The two African American employees were reprimanded for the incident, but the white employee was not, even though he was accused of the same "alleged misconduct".

13. Subsequent to this action, Plaintiff filed a discrimination charge of racial discrimination and retaliation with the Equal Employment Opportunity Commission.

14. The Defendant has engaged in a pattern and practice of giving unfair and disparate treatment towards black employees and each of the above stated Plaintiffs has been discriminated against because of their race by the Defendant.

## COUNT ONE - RACIAL DISCRIMINATION

15. Plaintiff restates and incorporates herein the allegations contained in Paragraphs One (1) through fourteen as presented in the Statement of Facts.

16. The Defendant committed intentional race discrimination against the Plaintiff thereby violating Title VII of the Civil Rights Act when they failed to allow Plaintiff, and other African American employees to rotate within the Facility, and they reprimanded Plaintiff and other African American males but failed to reprimand a similarly situated white employee.

17. As a proximate result of the discrimination alleged herein, the Plaintiff was caused to suffer the following injuries:

   A. Severe emotional distress and suffering;

   B. Loss of opportunity to be promoted;

   C. Pain and suffering; and

   D. Embarrassment and humiliation.

### COUNT TWO-PATTERN AND PRACTICE

18. Plaintiff restates and incorporates herein the allegations contained in paragraphs one (1) through fourteen in the Statement of Facts. .

19. The Defendant violated Title VII of the of the Civil Rights Act and section 1981 of Title 42 of the U.S. Code, by creating a hostile work environment for each African American employee employed by the Department of Corrections and for reprimanding, terminating all African American Employees disparately to the white employees on a regular basis.

4

20. As a proximate result of the retaliation alleged herein, the Plaintiffs were caused to suffer the following injuries:

a. Severe emotional distress and suffering;

b. Loss of opportunity to be promoted;

c. Pain and suffering; and

d. Embarrassment and humiliation;

e. Loss compensation

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff prays onto the Court for the following relief:

1. compensation for pain and suffering, loss of compensation and punitive damages that will effectively penalize the Defendant for these intentional acts.

2. Any and all injunctive relief available to prevent the Defendant for committing the same intentional acts.

**RESPECTFULLY SUBMITTED**, this the 10th day of August, 2004:

5

Respectfully submitted,

*Johnnie Bell* (signature)
_____
Johnnie Bell

## JURY DEMAND

Request a trial by Jury.

*Johnnie Bell* (signature)
_____
Johnnie Bell