IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 JUN -9 P 2: 52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JOHNNIE BELL | ) |
|           PLAINTIFF, | ) |
| VS. | ) CIVIL ACTION NO.: 2:05CV 397 |
| ALABAMA DEPARTMENT OF CORRECTIONS, and DONALD CAMPBELL, in his official capacity as The Warden of the Department of Corrections, | ) |
|           DEFENDANTS. | ) |

## AMENDED COMPLAINT

**COMES NOW,** the Plaintiff, Johnnie Bell, pro-se and files the following amended complaint pursuant to the Court's May 31, 2006 and files this amended complaint. In support thereof, states as follows:

### JURISDICTION

1. The Jurisdiction of this Court is invoked pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended in 1991, 42 U.S.C. section 2000e et. seq. and 42 U.S.C. section 1981 and 28 U.S.C. sections 1331 and 1343. Venue is proper pursuant to 28 U.S.C. section 1391 (c). The jurisdiction of this court is invoked to secure protection redress under Title VII and 42 U.S.C. section 1981.

2. Plaintiff, Johnnie Bell, timely filed his discharge of racial discrimination within the last 180 days of occurrence of the last discriminatory act and she instituted this action within the ninety-day period of receipt of right to

sue letter. Plaintiff, Johnnie Bell, filed their racial discrimination claim against the Alabama Department of Corrections, within the 180 days of occurrence of the last discriminatory act; however, the Equal Employment Opportunity Commission has not issued a right to sue letter to these plaintiffs. Plaintiff has also filed this action within two years of the discriminatory act as required by section 1981 of Title 42 of the United States Code.

## STATEMENT OF THE PARTIES

3. Plaintiff, **JOHNNIE BELL**, is an African American male is over the age of nineteen years and is a citizen of the United States of America. For purposes of this action, Plaintiff was a resident of Selma, Alabama and was employed with the Defendant for all relevant times of this action.

4. Defendant, **THE ALABAMA DEPARTMENT OF CORRECTIONS**, is a state agency of the State of Alabama and employs over 51 people for 365 consecutive days in a year.

5. Defendant, **DONALD CAMPBELL**, is the Warden for the State of Alabama, for the Department of Corrections for all relevant periods complained of in this lawsuit.

## STATEMENT OF FACTS

6. Plaintiff was employed as a Correction Officer 1, with the Defendant for over 14 years.

7. On or about April 1, 2003, Plaintiff begin to complain that male officers were not allowed to change positions. Specifically, Plaintiff noticed that

female correction officers and white correction officers were given favorable shift rotations and African American Male Officers were not.

8. White male officers and female officers were given the placement of Tower one, Tower two, RPI, and African American Males were given A dorm, B dorm, C dorm, and E dorm. These dorms are less dangerous, and there is less risk to come in contact with inmates, where you could possible lose your life.

9. Assignments in the A dorm, B dorm, C Dorm, and E dorm, were more dangerous because they involved direct contact with dangerous inmates.

10. Plaintiff advised his supervisors of this difference, but they refused to change the rotation. Specifically on June 9, 2003, Plaintiff filed an official grievance alleging that Lt. Terry Cooper, his supervisor, failed to rotate his post. The female and white officers who were given this favorable treatment were Ms. Rush, Ms. Mahan, Ms. Laspley, Ms. Cole, and Ms. William. The white officers were Mr. Greham, Officer Rouse, and Officer Hagood. Lt. Cooper would not place white officers at the above described dangerous post, he would only place them in Tower II.

11. African American males also receive harsher treatment that their white counterparts. Specifically, Plaintiff, and two of his co-workers in April, 2003 were accused of using excessive force against an inmate.

12. The Plaintiff, along with Officer Douglas George was reprimanded for the incident, but the white employee was not, even though he was accused of the same "alleged misconduct". Officer Goggins, who is a similarly

situated white employee was alleged to have been involved in the same incident, but nothing happened to him. Plaintiff and Officer George were removed from my post and placed in a more dangerous area. This incident is a permanent part of my record, and this is used against me for permanent post placing or promotions.

13. Subsequent to this action, Plaintiff filed a discrimination charge of racial discrimination and retaliation with the Equal Employment Opportunity Commission.

14. The Defendant has engaged in a pattern and practice of giving unfair and disparate treatment towards black employees and each of the above stated Plaintiffs has been discriminated against because of their race by the Defendant. The pattern and practice is based on the incidents described in paragraphs 12.

## COUNT ONE - RACIAL DISCRIMINATION

15. Plaintiff restates and incorporates herein the allegations contained in Paragraphs one (1) through fourteen (14) as presented in the Statement of Facts.

16. The Defendant committed intentional race discrimination against the Plaintiff thereby violating Title VII of the Civil Rights Act and 42 U.S.C. 1981 when they committed the acts complained of in paragraphs one through (14).

17. As a proximate result of the discrimination alleged herein, the Plaintiff was caused to suffer the following injuries:

    A.    Severe emotional distress and suffering;

    B.    Loss of opportunity to be promoted;

    C.    Pain and suffering; and

    D.    Embarrassment and humiliation.

## COUNT TWO-PATTERN AND PRACTICE

18. Plaintiff restates and incorporates herein the allegations contained in paragraphs one (1) through fourteen in the Statement of Facts. .

19. The Defendant violated Title VII of the of the Civil Rights Act and section 1981 of Title 42 of the U.S. Code, by creating a hostile work environment for each African American Male employee as stated more specifically in paragraph 12 of Plaintiff's complaint. As a proximate result of the retaliation alleged herein, the Plaintiffs were caused to suffer the following injuries:

    a. Severe emotional distress and suffering;

    b. Loss of opportunity to be promoted;

    c. Pain and suffering; and

    d. Embarrassment and humiliation;

    e. Loss compensation

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff prays onto the Court for the following relief:

1. compensation for pain and suffering, loss of compensation and punitive damages that will effectively penalize the Defendant for these intentional acts.

2. Any and all injunctive relief available to prevent the Defendant for committing the same intentional acts. The injunctive relief will include requiring the Defendant to allow safer placement rotations to be given to African American Male Employees, such as Plaintiff.

**RESPECTFULLY SUBMITTED**, this the 9th June, 2006 :

*Johnnie Bell*
JOHNNIE BELL
PLAINTIFF

## CERTIFICATE OF SERVICE

This certifies that I served upon opposing counsel on this the 9th day of June, a copy of the foregoing complaint.

*Johnnie Bell*
Plaintiff.