IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**JOHNNY BELL,**

 **Plaintiff,**

vs.           Case no.: 2:05-CV-397-T

**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS,**
**et al.**

 **Defendant**

_____/

## RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS

**COMES NOW**, the Plaintiff, pro se, and files the following response to the Defendant's motion to dismiss.

### INTRODUCTION

The Defendant filed a motion to dismiss Plaintiff's complaint on the following three grounds: lack of jurisdiction, 2) sovereign immunity, and 3) failure to state a claim. Plaintiff will address each respectively below.

### ARGUMENT

A. **Lack of Jurisdiction**

 Defendant contends that Plaintiff's complaint, and amended complaint should be dismissed because he file such action without privilege of his right to sue, and outside the two year requirement allowed by 42 U.S.C. 1981.

**1. Title VII**

1

First, the Defendant is correct in that Plaintiff's first complaint was dismissed "without" prejudice because the Equal Employment Opportunity Commission had revoked Plaintiff's right to sue, thus leaving him without jurisdiction to pursue. However, in February of 2005, The Equal Employment Opportunity Commission re-issued a right to sue, and Plaintiff re-filed his complaint within 90 days of receipt of the letter.

The only fact Defendant points to in their brief to support their position that this Court does not have jurisdiction is a scrivener's error in the jurisdiction section of Plaintiff's complaint that the EEOC has not issued a right to sue. The Defendant is simultaneously filing with this response an amended complaint amended this point to reflect the re-issuing of the right to sue to meet all jurisdictional requirements of Title VII of the Civil Rights. Plaintiff moves that the Court deny Defendant's motion to dismiss on this ground for the above-cited reasons.

**2. 42 U.S.C. 1981**

Plaintiff also stated in the jurisdiction section of his complaint that he had filed his complaint within the two-year requirement of 42 U.S.C. 1981. Indeed, Plaintiff has met this burden as well. In his amended complaint Plaintiff stated that he had been discriminated against in April 2003. He filed his second complaint in April of 2005. This is approximately two years after the act of discrimination. For this reason, Plaintiff again moves this Court to deny Defendant's motion on this ground as well.

**B. Eleventh Amendment Sovereignty**

The Defendant also cites that the Defendant, nor agents acting in the their official capacity cannot be made a defendant in any action in Federal Court due to Eleventh Amendment immunity. It is unclear whether Defendant is maintaining this position only to Plaintiff's 42 U.S.C. 1981 claim or to both. Plaintiff will respond as if the Defendant is seeking dismissal on both claims. First, it is clear in the Eleventh Circuit that the Defendant, as a state agency, is not unequivocally and automatically precluded from being sued. If this were not the case, the Defendant would not be a party to such actions cited as, <u>Roderick Moore vs. the Alabama Department of Corrections, et al</u>, 137 Fed. Appx. 235 (June 21 2005) (Exhibit A), where the grounds were Title VII claims and the issue of qualified immunity never arose, but the case proceeded through discovery.

However the Plaintiff also cites to the Court, 42 U.S.C 2000d-7, which states,

> A state shall not be immune under the Eleventh Amendment of the
> United States Constitution from suits in Federal Court for a violation
> of .......Title VII of the Civil Rights Act (42 U.S.C. 2000d, et seq.)
> or the provisions of any other statute prohibiting discrimination
> by recipients of Federal Financial assistance.

This section is written within the same code citing and governing racial discrimination. So it is clear that the Defendant is not afforded carte blanche immunity in discrimination cases.

If the Court, however, does not take the judicial notice that the attached case sufficiently demonstrates that Defendant can be sued for racial discrimination on the grounds cited in Plaintiff's amended complaint and denies

Defendant's motion on this ground, Plaintiff through this response, is requesting that pursuant to Federal Rule of Civil Procedure, Rule 56 (f) that he be allowed to obtain a continuance to conduct discovery necessary to demonstrate the material fact that the Department of Corrections actually receives Federal Funds. The establishment of this fact is crucial to Plaintiff surviving a dismissal, and no record has been established thus far, as the parties are still at the infant stage of this lawsuit (i.e. no scheduling order, no discovery begun) Plaintiff also prays that this request be considered as an affidavit in support of his need to obtain additional discovery to respond to the allegation in Defendant's complaint that they are immune from suit.

**C. Failure to state a claim**

A complaint should not be dismissed under Fed. R. Civ. P. 12 (b) unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him relief. Conley v. Gibson, 355 U.S. 41, 45-47 (1957). Furthermore, a Court's discretion to dismiss a complaint without leave to amend is limited by Fed. R. Civ. P 15 (a), which says that leave to amend, shall be freely given when justice so requires. Indeed, where it appears that a complaint "would," state a claim upon which relief could be granted if a better complaint was drafted, A District Court "should" give Plaintiff an opportunity to amend. Wagner v. Daewoo Heavy Industries America Corporation., 314 F.3d 541 (11th Cir. 2002)

In the instance case, the Court has granted Plaintiff the opportunity to amend, and Plaintiff indeed amended his complaint within in the time required by

the Court's most recent order. In his amended complaint filed on June 9th, 2006, Plaintiff plead more specifically the names of his supervisors and similarly situated white employees. This is all that is required by Title VII. Plaintiff is filing at the same time, a newly amended complaint setting out in more detail jurisdictional requirements. Plaintiff is therefore requesting that the court delay ruling on this issue until it has reviewed Plaintiff's amended complaint. Plaintiff, as a pro se litigant, also request that he be given more time to amend if required.

## CONCLUSION

Plaintiff respectfully prays that this Honorable Court deny the Defendant's motion to dismiss for the above-cited grounds. Plaintiff also prays that this Court accept this response also as an affidavit in support of a Rule 56 (f) request for a continuance to obtain information regarding the financial status of the Defendant.

This response is submitted under penalty of perjury while under oath

*Johnny Bell*

Johnny Bell, **Pro se**

**2103 Kelly Road**

**Selma, Alabama 36701**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been served upon opposing counsel, Tara S. Knee, Attorney General, Alabama Department of Corrections, Legal Division. Post Office Box 301501, Montgomery, Alabama 36130 this the 16th day of June 2006.

*/s/ Johnny Bell*
Johnny Bell