IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JOHNNIE BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:05-CV-397-T |
| | ) |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO
## PLAINTIFF'S AMENDED COMPLAINT

Comes now the Defendant in the above-styled cause, by and through undersigned counsel, and submits the following answer to Plaintiff's amended complaint and corresponding numbered paragraphs:

1.  The Plaintiff has sued Defendant ADOC. ADOC is barred from being sued due to Eleventh Amendment Immunity. Neither a state nor an agency of the state may be made a defendant in any action in federal court under 42 U.S.C. §1983. *See Alabama v. Pugh*, 438 U.S. 781 (1978).

2.  The Plaintiff fails to state a cause of action upon which relief can be granted.

3.  The Defendant contends that the complaint is not maintainable under Title VII unless and until the Plaintiff demonstrates satisfaction of each and every prerequisites to the suit under such Act. The Defendant also contends that the complaint is not maintainable under Title VII as to any event or alleged event occurring more than 180 days prior to the filing of the EEOC charge on which this complaint is based. The

Plaintiff in Paragraph 2 of the Complaint states that there is a right to sue letter and within the same paragraph states that there is not a right to sue letter.

4. Punitive damages are not allowed against a governmental entity or it agents, under Title VII, as amended and are limited to the monetary caps provided by said title.

5. The Plaintiff is not entitled to claim compensatory or punitive damages under Title VII as he has asserted a cause of action under 28 U.S.C. §1331.

6. The Defendant is entitled to Article I, §14 immunity of the Alabama Constitution.

7. The Defendant asserts the *Mt. Healthy* defense that the same personnel decisions would have been taken in the absence of discriminatory or retaliatory motive.

8. The Plaintiff has failed to meet the requirements under Title VII, and therefore cannot maintain a cause of action under Title VII.

9. The Defendant alleges that the claims of the Plaintiff are barred due to the Plaintiff's failure to file under Defendant ADOC's grievance procedures and/or appeals therefrom prior to the initiation of this lawsuit.

11. The Defendant alleges that they were not served properly under *F.R.C.P.* 4(m). The rule states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for failure of service for an appropriate period.

The lawsuit was stamped filed by the Clerk of the Court on April 29, 2005. The Summons in a Civil Action was dated November 3, 2005. The Plaintiff did not receive said document until November 7, 2005. There is a lapse of some 188 days from the date

of filing to the date on the summons. There is a lapse of 192 days from the date of filing to the date of service.

## ANSWER

### JURISDICTION

1. This paragraph is a jurisdictional statement and the burden of proving jurisdiction rests, at all times, with the Plaintiff, thus, this paragraph is denied until specifically proven by the Plaintiff.

2. The Defendant is without sufficient information to admit or to deny the information in paragraph 2.

### STATEMENT OF THE PARTIES

3. The Defendant is without sufficient information to admit or deny the allegations of paragraph 3.

4. Admitted.

5. Deny and demand strict proof thereof.

### STATEMENT OF THE FACTS

6. The Defendant is without sufficient information to admit or deny the allegations of paragraph 6.

7. Deny and demand strict proof thereof.

8. Deny and demand strict proof thereof.

9. Deny and demand strict proof thereof.

10. Deny and demand strict proof thereof.

11. Deny and demand strict proof thereof.

12. Deny and demand strict proof thereof.

13. Deny and demand strict proof thereof.

14. Deny and demand strict proof thereof.

### COUNT ONE – RACIAL DISCRIMINATION

15. No response is necessary.

16. Denied.

17. Denied.

### COUNT TWO – PATTERN AND PRACTICE

18. No response is necessary.

19. Denied.

### RELIEF

1. The Defendant denies that the Plaintiff is entitled to any compensation for pain and suffering, loss of compensation and punitive damages.

2. The Defendant denies that the Plaintiff is entitled to any injunctive relief.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff's complaint fails to state a claim for which relief may be granted.

## SECOND DEFENSE

The Plaintiff failed to exhaust his administrative remedies.

## THIRD DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH DEFENSE

The Defendant pleads the affirmative defenses of laches, waiver and estoppel.

## FIFTH DEFENSE

The Defendant pleads the affirmative defense of unclean hands.

## SIXTH DEFENSE

The Plaintiff has suffered no damages.

## SEVENTH DEFENSE

The Plaintiff has failed to mitigate damages.

## EIGHTH DEFENSE

No adverse employment actions were taken against the Plaintiff.

## NINTH DEFENSE

Any adverse employment actions, decisions or differential treatment were based on nondiscriminatory and legitimate purposes.

## TENTH DEFENSE

The Defendant pleads the *Mt. Healthy* defense. The same personnel decisions would have been taken in the absence of discriminatory or retaliatory motive.

### ELEVENTH DEFENSE

No actions of Defendant were motivated by facial, invidious or intentional discrimination.

### TWELVETH DEFENSE

Eleventh Amendment immunity bars any relief against the Defendant Alabama Department of Corrections.

### THIRTEENTH DEFENSE

No punitive damages are available under Title VII against a governmental entity.

### FOURTEENTH DEFENSE

The Plaintiff cannot sue under Title VII for events not set forth in his EEOC complaint.

### FIFTEENTH DEFENSE

The Plaintiff cannot sue under Title VII for any events occurring more than 180 days prior to the date of his EEOC charge.

### SIXTEENTH DEFENSE

The Defendant has in place a proper grievance procedure and exercised reasonable care to prevent and promptly correct any harassing behavior.

### SEVENTEENTH DEFENSE

The Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Alabama Department of Corrections or to avoid harm.

### EIGHTEENTH DEFENSE

The Plaintiff failed to adequately report to the Defendant alleged matters described or referred to in the Complaint.

### NINETEENTH DEFENSE

The Defendant alleges that the Plaintiff failed to meet the prerequisites of Title VII in that he failed to file the lawsuit within 90 days of receipt of the right to sue letter.

### TWENTIETH DEFENSE

The Defendant denies that the Plaintiff has been discriminated against.

### TWENTY-FIRST DEFENSE

The Defendant pleads that any disparate treatment was the result of a bona fide seniority or merit system and/ or testing.

### TWENTY-SECOND DEFENSE

The Defendant pleads that any disparate treatment was the result of a bona fide occupational qualification that was reasonably necessary to the normal operation of business.

### TWENTY-THIRD DEFENSE

Defendant reserves the right to raise additional defenses.

Respectfully submitted,

Kim T. Thomas (THO115)
Deputy Attorney General
General Counsel


/s/ Tara S. Knee
Tara S. Knee (KNE003)
Assistant Attorney General
Assistant General Counsel

**OF COUNSEL**:

Alabama Department of Corrections
Legal Division
P. O Box 301501
Montgomery, Alabama 36130
(334)353-3881
FAX:(334)353-3891

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Johnnie Bell
2103 Kelly Road
Selma, AL 36701


s/Tara S. Knee
Tara S. Knee
Assistant Attorney General
Assistant General Counsel