IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNIE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:05-CV-397-T |
| | ) | |
| STATE OF ALABAMA DEPARTMENT | ) | |
| OF CORRECTIONS and | ) | |
| RICHARD ALLEN, in his official | ) | |
| Capacity as the Warden of the | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Come now the Defendants State of Alabama Department of Corrections (ADOC) and Commissioner Richard Allen[1], in the above-styled cause by and through undersigned counsel, and submit this Motion for Summary Judgment and Brief in Support, pursuant to Fed. R. Civ. P. 56.

## HISTORICAL FACTS

Plaintiff filed his complaint against the Alabama Department of Corrections and its Commissioner on April 29, 2005. The compliant alleges violations of Title VII and 42 U.S.C. §1981. This complaint is the second complaint as previously filed by this Plaintiff against these same Defendants on August 19, 2004, alleging the same facts and allegations, with the civil action number of 2:04-cv-785-A. Defendants filed an answer on October 6, 2004, alleging that the Court had jurisdiction over this action, along with

---

[1] Richard Allen replaced Donal Campbell as Commissioner of the Alabama Department of Corrections on or about March 1, 2006. Since Mr. Campbell was sued in his official capacity only, Mr. Allen should be substituted as a party.

several affirmative defenses. On October 12, 2004, the case was assigned to Magistrate Judge Charles S. Coody for action or recommendation on all pretrial matters. On October 14, 2004, the Magistrate Judge entered an order setting this matter for a scheduling conference for November 8, 2004. On November 8, 2004, Plaintiff failed to appear at the scheduling conference. On November 9, 2004, the Court entered an order directing the Plaintiff to show cause why the action should not be dismissed on or before November 23, 2004.  On November 29, 2004, the Magistrate Judge filed a recommendation that the case be dismissed with prejudice. On December 1, 2004, Plaintiff filed a motion to dismiss without prejudice and informing the Court that his right to sue letter had been revoked and that he had never received his right to sue letter. That action was dismissed without prejudice by District Judge Harold Albritton on December 3, 2004. Defendants pray that this Court take judicial notice of the pleading filed in 2:04-cv-785-A.

## STATEMENT OF UNDISPUTED FACTS

Plaintiff is employed as a Correctional Officer at Bibb County Correctional Facility in Brent, Alabama. (Pl. Comp. ¶ 6)

Plaintiff filed a grievance as to his allegation that females and white correctional officers were allowed to work certain posts and that females and white correctional officers were given favorable post assignments. (Ex. 1)  He further alleged that the post assignments were not rotated. (Ex. 1)  Plaintiff was advised that it is the responsibility of the shift commander to rotate the officers on the various post assignments. (Ex. 1) Female officers are not assigned to the back gate of the institution as strip searches are conducted at that point. (Ex. 1)

Bibb County Correctional Facility operates on a twelve-hour shift. (Ex. 1) There is no selection of days off. (Ex. 1) When an assigned shift is scheduled to be off, the entire shift is off. (Ex. 1)  When an assigned shift is scheduled to work, the entire shift works. (Ex. 1, 2)  Requests for time off, such as annual leave or sick leave, is submitted on an individual basis. (Ex. 1)

There is always some degree of risk at any post assignment within the institution due to the various crimes that the inmates have committed and are capable of committing. (Ex. 1)  The types of inmates in the dorms are as follows:

Dorm A – General population with various job assignments

Dorm B – Rule 38 violators

Dorm C – Crime Bill Program

Dorm D – Educational Program

Dorm E – Older inmates and kitchen workers

Dorm F – Faith-based Program

(Ex. 1)

Correctional officers are required to attend the Academy, receive training, and obtain APOST certification regardless of race or sex. (Ex. 1) Supervisors are expected to be fair and equitable to the staff. (Ex. 1)  When assigning duties, a supervisor must consider the strengths and weaknesses of the officers that he/she supervises. (Ex. 1)

"The investigation into the allegation regarding the lack of post rotation on the A-Day shift resulted in corrective action being initiated against the shift commander." (Ex. 1)  The corrective action was necessary since the shift commander failed to properly

rotate the posts. (Ex. 1) This lack of rotation was not based upon race or sex, but rather due to inexperience. (Ex. 1)

Plaintiff alleges that there is a use of force incident that has placed him on a permanent post or from promotion. There is no such use of force in his file. (Ex. 1) As to the promotional, an eligible employee must be on the register to be promoted, which Plaintiff is not. (Ex. 3)

## STANDARD OF REVIEW

The trial court must view all evidence and all factual inferences therefrom in the light most favorable to the non-moving party. Miller v. King, 384 F.3d 1248, 1259 (11th Cir. 2004), citing Burton v. City of Belle Glade, 178 F.3d 1175 (11th Cir. 1999). "Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1240 n. 7 (11th Cir. 2003). Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is not genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1279-1280 (11th Cir. 2004)(quoting Fed. R. Civ. P. 56(c)). There is no genuine issue for trial if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## ARGUMENT

### I.    Jurisdiction

The burden of proving jurisdiction rests, at all times, with the Plaintiff. Plaintiff cannot prove jurisdiction under Title VII or under 42 U.S.C. § 1981. This Court simply does not have jurisdiction of this matter.

An action alleging a violation under Title VII requires that Plaintiff prove that the required prerequisites of Title VII have been met. Simply put that is he has timely filed a claim of discrimination within 180 days of the occurrence with the Equal Employment Opportunity Commission (EEOC) and that he has instituted this action within the ninety days of receipt of the right to sue letter is not sufficient. Plaintiff admits in the complaint and the amended complaint at paragraph two that he has not been issued a right to sue letter by the EEOC. Clearly, without that letter, Plaintiff cannot bring a Title VII action and this Court does not have jurisdiction.

As to Plaintiff's allegation of a claim under 42 U.S.C. § 1981, and as acknowledged by Plaintiff in his complaint at paragraph two, the alleged discriminatory act must have been within two years of the filing of the complaint. The complaint alleges that discriminatory act occurred on or about April 1, 2003. The complaint does not allege a "continuing" violation. This complaint was filed on April 29, 2005, which is clearly outside the two year period. Again, Defendants contend that this Court does not have jurisdiction over this matter as stated in the complaint and the amended complaint.

II.    **Discrimination**

Initially, it should be determined whether Bell has established a *prima facie* case of discrimination, specifically race discrimination. A *prima facie* case of discrimination is established by showing:

> (1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for the position at issue; (3) the plaintiff was discharged despite his qualification; and (4) the plaintiff was subject to differential treatment, that is, he was either (a) replaced by someone who was not a member of the plaintiff's protected class or (b) a similarly situated employee who was not a member of the protected class engaged in nearly identical conduct and was not discharged.

Davis v. Qualico Miscellaneous, Inc., 161 F.Supp.2d 1314, 1319 (M.D.Ala. 2001).

"Demonstrating a *prima facie* case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir.1997); citing Williams v. Ford Motor Co., 14 F.3d 1305, 1308 (8th Cir. 1994).

As in Holifield, Plaintiff has not established a *prima facie* case. Plaintiff "must show that his employer treated similarly-situated employees outside his classification more favorably than himself." Holifield at 1562; citing Coutu v. Martin Cty. Bd. of Cty. Commissioners, 47 F.3d 1068, 1073 (11th Cir. 1995). The comparison between these employees must be to relevant concepts. *Id.* "In determining whether employees are similarly situated for purposes of establishing a *prima facie* case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Id.; citing Williams at 1309.

It should be noted that "[i]f a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of

6

discrimination is present." <u>Holifield</u>, 115 F.3d at 1562; quoted in <u>Wilson v. B/E Aerospace, Inc.</u>, 376 F.3d 1079 (11th Cir. 2004)." <u>Cannon v. Dyncorp.</u> 378 F.Supp.2d 1332, 1343 (M.D. Ala. 2004). Bell has failed to show that there are similarly situated employees and there is no evidence of any form of discrimination or pattern and practice of discrimination. The facts indicate that the lack of shift rotation was due to the lack of experience of the shift commander, not due to discriminatory reasons. (Ex. 1) Denial of any promotion was due to the fact that Plaintiff was not on any promotional register. (Ex. 3) Therefore, this summary judgment should be granted.

## III.   Section 1981 Claims

Plaintiff cannot maintain of race discrimination against Defendants under 42 USC §1981. "The express cause of action for damages created by Section 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in Section 1981 by state governmental units." <u>C&J Associates Pest Control et al., v. Hornsby, et al.</u>, 2006 WL 3832819 (M.D. Ala. Dec. 28, 2006); "<u>Jett v. Dallas Independent School District</u>, 491 U.S. 701, 733 (1989); see <u>Butts v. County of Volusia</u>, 222 F.3d 891, 893-894 (11th Cir. 2000)(concluding that the Civil Rights Act of 1991 did not amend Section 1981 to create a cause of action against state actors and '§1983 contains the sole cause of action against state actors for violations of §1981'); <u>Godby v. Montgomery County Board of Education</u>, 996 F.Supp. 1390, 1411 (M.D. Ala. 1998)." <u>C&J</u> at 6.

Plaintiff has brought Counts One and Two under 42 USC 1981. There is no remedy available to Plaintiff by the Defendants, who are state actors. Therefore, summary judgment should be granted.

IV.    **Failure to State a Claim**

Plaintiff's allegations appear to be an attempt to hold Defendant Campbell (Allen) responsible for the alleged discriminatory actions. Yet, "'[i]t is well established in [the Eleventh] Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.'" Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). Thus, the Defendants cannot be subjected to suit merely because other state officials or agents who may ultimately answer to them have allegedly violated the law.

It is unclear as to what Plaintiff's claims truly are in his complaint. This is especially problematic in light of the "heightened pleading" requirement that attends section 1983 claims, especially those for which qualified immunity is raised as a defense. See Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). As the Eleventh Circuit has held, "[i]n civil rights and conspiracy actions, . . . more than mere conclusory notice pleading is required" and "a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Thus, in reviewing a motion to dismiss in a section 1983 case, a court "need only accept 'well-pleaded facts' and 'reasonable inferences drawn from those facts.'" Gonzalez, 325 F.3d at 1235 (quoting Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)). "'[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'" Gonzalez, 325 F.3d at 1235 (quoting Marsh v. Butler County, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)). Moreover, the courts "'generally accord . . . official conduct a presumption of

8

legitimacy.'" <u>Gonzalez</u>, 325 F.3d at 1235 (quoting <u>United States Dep't of State v. Ray</u>, 502 U.S. 164, 179 (1991)).

## V.    <u>Eleventh Amendment Immunity</u>

Plaintiff has sued the Alabama Department of Corrections, which is an agency of the State of Alabama, and Defendant Allen, who is an agent of the State of Alabama. Because the Defendants are officials of or, in fact, agencies of the State of Alabama, Plaintiff's official-capacity claim must be considered to be against the State itself.  This, in turn, affords the Defendants Eleventh Amendment immunity; the State need not actually be named as a party for such immunity to be available.  <u>See</u> <u>Williams v. Bennett</u>, 689 F.2d 1370, 1376 (11th Cir. 1982), <u>cert</u>. <u>denied</u> 464 U.S. 932 (1983).  Thus, Plaintiff's claims for damages against Defendants in their official capacities are barred by Eleventh Amendment immunity and should be dismissed.

## VI.    <u>Qualified Immunity</u>

It is not clear whether Defendant Allen is sued in his individual capacity.  Should it be determined that he is sued in his individual capacity, Plaintiff has failed to demonstrate that Defendant Allen has violated clearly established law. Defendant Allen is entitled to qualified immunity regarding the individual-capacity federal claims stated in Plaintiff's complaint.  The basic test for qualified immunity was stated in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982):

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known.

457 U.S. at 818.  Qualified immunity bars claims "so long as [the defendant's] actions could reasonably have been thought consistent with the rights they are alleged to have violated."  Anderson v. Creighton, 483 U.S. 635, 638 (1987).  Further, qualified immunity is not just a bar to damages, it is a bar to suit.  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Even allegations of animus by a state actor against a plaintiff are not sufficient to overcome the presumption of qualified immunity.  See Hansen v. Soldenwagner, 19 F.3d 573, 578 (11th Cir. 1994) (stating that "[f]or qualified immunity purposes, the subjective motivation of the defendant-official is immaterial").

The justification for qualified immunity is that such immunity is necessary in order for the government to effectively function.  If not for the protections immunity provides, state officials could be subject to suit for every move they make.  This action would have a serious chilling effect on the ability of such officials to do their jobs.  In sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner.  Mitchell, 472 U.S. at 525-26; see also Hunter v. Bryant, 502 U.S. 224, 229 (1991); Burrell v. Bd. of Trustees of Ga. Military College, 970 F.2d 785, 794 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1983).

In the present case, Defendants deny that they violated "a clearly established right" of Plaintiff.  As such, it is incumbent upon the Plaintiff to show that the Defendants violated "clearly established constitutional law" in their dealings with Plaintiff.  See Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983) (holding that it is a plaintiff's burden to rebut a defendant's qualified immunity defense).  This, however, has not been demonstrated by Plaintiff.  He has alleged no constitutional injury perpetrated by any of the Defendants. Likewise, Plaintiff cannot contend that the individual Defendants

vicariously harmed him because of the alleged actions of other state officials or agents. See Cottone, 326 F.3d at 1360.  Because Plaintiff cannot demonstrate that any of his clearly established constitutional rights have been infringed, qualified immunity bars his attempt to impose liability on the Defendants. Therefore, Plaintiff's federal claims against the Defendants in their individual capacities should be dismissed.

## VII.    Pattern and Practice

Plaintiff has alleged that there is a pattern and practice of discrimination by Defendants.   However, Plaintiff has failed to provide any statistical information or anecdotal evidence as to discrimination.  "Even if Burke-Fowler's claim were generously construed as a pattern and practice argument, the statistical evidence she provides is not strong enough to establish a prima facie case. See EEOC v. Joe's Stone Crab, 220 F.3d 1276, 1287 (11th Cir. 2000)('A plaintiff may establish a pattern or practice claim through a combination of strong statistical evidence of disparate impact coupled with anecdotal evidence of the employer's intent to treat the protected class unequally.')" Burke-Fowler v. Orange County, Florida, 447 F.3d 1319, 1325 (11th Cir. 2000).   Again,  Plaintiff  has not offered any type of statistical or anecdotal evidence to show that there is a pattern or practice of discrimination. Therefore, Defendants' Motion for Summary Judgment should be granted.

## Conclusion

Wherefore theses premises considered, the Defendants pray that this Honorable Court will grant their motion to dismiss based upon the above stated grounds.

Respectfully submitted,

/s/ Tara S. Knee
Tara S. Knee (KNE003)
Assistant Attorney General
Assistant General Counsel

**OF COUNSEL**:
Alabama Department of Corrections
Legal Division
P. O Box 301501
Montgomery, Alabama 36130
(334)353-3881
FAX: (334)353-3891

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Johnnie Bell
2103 Kelly Road
Selma, AL 36701

/s/ Tara S. Knee
Tara S. Knee (KNE003)
Assistant Attorney General
Assistant General Counsel