IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05cv397-WKW |
| | ) |
| ALABAMA DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and 42 U.S.C. § 1983[1] action, Plaintiff Johnnie Bell ("Bell") alleges in his Second Amended Complaint (Doc. #31), that as an employee of the Alabama Department of Corrections ("ADOC"): (a) he was discriminated against on the basis of race; and (b) subjected to a hostile work environment based on his race and sex. Bell seeks injunctive relief and monetary damages for the alleged violations of his constitutional rights.

ADOC filed an Answer (Doc. #34) and Motion for Summary Judgment (Doc. #44) addressing the claims in Bell's Second Amended Complaint (Doc. #31). Bell has not filed

---

[1] Although Bell colors his claim as a § 1981 claim, the Court construes his claim as set forth under § 1983 because "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 733 (1989).

a response. Upon consideration of the motion (Doc. #44) and Plaintiff's failure to respond, the Court concludes that Defendant's motion for summary judgment is due to be granted.

## I. DISCUSSION

Bell asserts that ADOC violated his constitutional rights when it discriminated against him on the basis of his race. Further, Bell asserts that ADOC, through pattern and practice, created a hostile working environment, based on his race and sex. Specifically, Bell complains that:

> "female correction officers and white correction officers were given favorable shift rotations and African American Males Officers were not"; the assignments given to African American males were "more dangerous because they involved direct contact with dangerous inmates"; "[o]n June 9, 2003, Plaintiff filed and official grievance alleging that Lt. Terry Cooper, his supervisor, failed to rotate his post," which resulted in the white and female officers receiving favorable treatment; Lt. Cooper would not place white officers in dangerous posts; "African American males also receive harsher treatment that [sic] their white counterparts;" "Plaintiff, and two of his co-workers in April, 2003 were accused of excessive force against an inmate. The Plaintiff, along with Officer Douglas George was [sic] reprimanded for the incident, but the white employee was not, even though he was accused of the same misconduct; the "incident is part of [Bell's] permanent record", and is used against Bell "for permanent post placing or promotions"; the pattern and practice of race discrimination is based on the incidents described *supra*.

(Doc. #27 at 2-4)[2]. Bell offers no support for his claims other than the bare allegations stated above, which relate to the incidents of April and June of 2003.

---

[2] Bell's Second Amended Complaint (Doc. #31) merely contains the assertion that he has received a right-to-sue letter. Thus, all of the factual allegations in support of his claims are contained in the Amended Complaint (Doc. #27).

**A. Title VII Claims**

In his original Complaint (Doc. #1), Bell named both ADOC and Donal Campbell, "in his official capacity as The Warden of the Department of Corrections," as Defendants. On December 1, 2005, the Title VII claims were dismissed as to Donal Campbell. (Doc. #15) Thus, the only remaining party to Bell's Title VII claims is ADOC.

Title VII requires that a plaintiff receive a right-to-sue letter from the EEOC prior to instituting a Title VII action in federal district court. 42 U.S.C. § 2000e-5(f)(1); *Forehand v. Florida State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996) ("[A] private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge."). The "receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification." *Id*. at 1569-70.[3]

In his Amended Complaint, Bell stated that "the [EEOC] has not issued a right to sue letter." (Doc. #27 at 2) In his Second Amended Complaint (Doc. #31), Bell stated that the EEOC had in fact issued a right-to-sue letter. Defendant answered Bell's claim and asserted that it is unclear as to whether Bell was issued the right-to-sue letter. (Doc. #34) Further, ADOC invoked the filing deadlines of Title VII claiming that "the complaint is not maintainable under Title VII as to any event or alleged event occurring more than 180 days

---

[3] Bell has put forth no evidence, nor made any claim that he is entitled to equitable waiver of the statutory requirement.

prior to the filling of the EEOC charge on which this complaint is based." (Doc. #34 at 1) In its Motion for Summary Judgment, ADOC states that: "[p]laintiff admits in the complaint and the amended complaint at paragraph two that he has not been issued a right to sue letter by the EEOC." (Doc. #44 at 5) Bell has neither disputed ADOC's claims regarding his failure to obtain a right-to-sue letter, nor provided the Court with any evidence of the same.

Bell may not avoid summary judgment with the mere allegation of a right to sue letter. *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005)("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."). "Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate: after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial." *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996).

This action was initiated on April 29, 2005 (Doc. #1), after Bell successfully moved for the dismissal of 2:04-CV-785-A, based on his failure to receive a right-to-sue letter. On June 11, 2006, Bell amended his complaint (Doc. #31) to include the allegation of receipt of a right-to-sue letter. As stated, *supra*, ADOC responded and alleged that Bell is without a right-to-sue letter and moved for summary judgment (Doc. #44) on that basis. Bell failed to respond to that allegation. Thus, due to Bell's failure to provide evidence of his right-to-sue letter, an essential element of his case, summary judgment as to Bell's Title VII claims is

4

appropriate. *Morisky*, 80 F.3d at 447.

### B. Title 42 U.S.C. § 1983 Claims.

Bell also invoked the protection of his constitutional rights pursuant to 42 U.S.C. § 1983 as to ADOC and Donal Campbell. On July 11, 2006, Donal Campbell was dismissed as a party to this action (Doc. #30).[4] Thus, Bell's only surviving § 1983 claim is against ADOC, which is a state agency.

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (*quoting Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984)).[5] Thus, Bell's claims against ADOC are "based on an indisputably meritless legal theory," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and therefore, summary judgment is appropriate.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion for summary judgment (Doc. #44) be GRANTED.

2. Judgment be entered in favor of Defendants.

---

[4] Bell's motion to file an out of time amended complaint (Doc. #28) was granted in part and denied as to Donal Campbell, who was dismissed as a Defendant (Doc. #30).

[5] "The state of Alabama has not waived its immunity." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990) (*citing Free v. Granger*, 887 F.2d 1552, 1557 (11th Cir. 1989); *Parker v. Williams*, 862 F.2d 1471, 1476 (11th Cir. 1989); Article 1, section 14 of the Alabama Constitution of 1901 expressly states that "the State of Alabama shall never be made a defendant in any court of law or equity.").

3. This case be dismissed without prejudice.

It is further

ORDERED that on or before October 10, 2007, the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of September, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE